**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-00888-CMA-CBS

AARON RUBENSTEIN,

    Plaintiff,

v.

VERY HUNGRY, LLC, a Colorado limited liability company,
SCOTT J. REIMAN, and
SCOTT REIMAN 1991 TRUST,

    Defendants,

and

PROSPECT GLOBAL RESOURCES, INC., a Nevada corporation,

    Nominal Defendant.

---

**ORDER ADOPTING AND AFFIRMING FEBRUARY 17, 2015
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

In this securities action, shareholder-Plaintiff Aaron Rubenstein alleges that Defendants realized short-swing insider trading profits subject to disgorgement pursuant to Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)") (as amended). 15 U.S.C. 78p(b).  Specifically, the Complaint alleges that Defendants Very Hungry LLC ("Very Hungry"), a private investment company, and Scott J. Reiman ("Reiman"), individually and/or by and through Defendant Scott Reiman 1991 Trust (the "Reiman

1

Trust," and, collectively with Reiman, "the Reiman Defendants"), were "insiders" of Nominal Defendant Prospect Global Resources, Inc. ("Prospect.")  Each of Plaintiff's claims relates to short-swing profits by Very Hungry and the Reiman Defendants resulting from the sale of common stock and warrants issued by Prospect.  The Complaint includes three claims of Section 16(b) violations – the first claim is against Very Hungry; the second, against the Reiman defendants; and the third, against both Defendants.

This case was referred to United States Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  (Doc. # 33.)  On February 17, 2015, Judge Shaffer issued a Recommendation that Very Hungry LLC's Motion to Dismiss (Doc. # 10), and Scott J. Reiman and Scott Reiman 1991 Trust's Motion to Dismiss (Doc. # 11), be granted as to the third claim for relief, but denied as to claims one and two[1] (Doc. ## 65, 73).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 65.)  Despite this advisement, no objections to Magistrate Judge Shaffer's Recommendation were filed by either party.

---

[1] Plaintiff's Response indicated that "Plaintiff consents to have the Third Claim for Relief stricken," and Judge Shaffer confirmed that this was the fact at hearing. (Doc. # 73 at 4.) Accordingly, Judge Shaffer's recommendation was limited to analysis of Plaintiff's first and second claims for relief.  (*Id.*)

### I. STANDARD OF REVIEW

**A. Magistrate's Recommendation**

"In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

**B. Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (*quoting Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To withstand a motion to dismiss, a complaint must contain sufficient allegations of fact to state a claim for relief that is not merely conceivable, but is also "plausible on its face." *Id.* at 570. As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, "the mere metaphysical possibility that **some** plaintiff could prove **some** set of facts in support of the pleaded claims is insufficient; the complaint must give the court

reason to believe that **this** plaintiff has a reasonable likelihood of mustering factual support for **these** claims." 493 F.3d 1174, 1177 (10th Cir. 2007).  It is the plaintiff's burden to frame a complaint with enough factual matter – taken as true – to suggest that he or she is entitled to relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  Ultimately, the Court has a duty to determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)*.*

## II.  JUDGE SHAFFER'S RULING

In an oral ruling, Magistrate Judge Shaffer noted that Section 16(b) is a strict liability statute that applies irrespective of the intent of a beneficial owner.  (Doc. # 73 at 5.)  Section 16(b) is designed to "prevent[] the unfair use of information which may have been obtained" by company insiders by requiring that "any profit realized by [the insider] from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such [insider]."  *Roth v. Goldman Sachs Grp., Inc.*, 740 F.3d 865, 869 (2d Cir. 2014) (15 U.S.C. § 78p(b).  Judge Shaffer explained that to prevail in an action under Section 16(b), a plaintiff must prove: (1) a purchase and (2) sale of non-exempt equity securities or derivative securities (3) by an insider of the issuer (4) within a less than six-month period (5) resulting in profit.  (Doc. # 73 at 4-5.)

In its Motion to Dismiss, Very Hungry argued that its transactions with Prospect were exempt under Section 16(b) by virtue of SEC Rule 16b-3(d). That Rule exempts from Section 16(b) all transactions "involving an acquisition from the issuer," so long as the transaction is approved by the issuer's board or its shareholders and is between the issuer and an officer or "director" of the issuer. See 17 C.F.R. § 240.16b-3(d)(1). This exemption can apply "to directors by deputization – i.e., directors designated by beneficial owners to sit on the boards of companies whose shares they beneficially own." *Huppe v. WPCS Int'l Inc.*, 670 F.3d 214, 219 (2d Cir. 2012). Very Hungry argued that it was entitled to the exemption because Conway Schatz, one of its managers, served on Prospect's board of Directors, and therefore constituted a "director by deputization."

Very Hungry also argued that the Complaint failed to allege "matching" purchases and sales of derivative securities within the required six-month period, such that no liability arises under 16(b). The Reiman Defendants made very similar arguments in their Motion to Dismiss.

Judge Shaffer noted that "there are no dispositive or controlling Tenth Circuit decisions in this area," and indeed, "very few reported decisions that address the issue squarely." (Doc. # 73 at 7.) Nevertheless, Judge Shaffer concluded that, as to the argument regarding the application of SEC Rule 16b-3(d) by virtue of Mr. Schatz's "deputization," that "[D]efendants' argument effectively requires me to depart from the well-established Rule 12(b)(6) standard" requiring allegations to be viewed in the light most favorable to the Plaintiff, because he would be required to draw inferences in favor

5

of **Defendants** if he were to conclude that "the likelihood that Mr. Schatz was on Prospect Global's board to represent Very Hungry's interest is much greater than the contrary inference, that his presence on the board was coincidental or unrelated to Very Hungry." Moreover, the Complaint alleges facts indicating that Mr. Schatz was not, indeed, deputized and that his actions were contrary to those of a "deputy." Specifically, Mr. Schatz does not and did not have dispositive power over Very Hungry's investment in Prospect, was nominated to the board at the suggestion of Reiman (not pursuant to an arrangement or understanding with Prospect), Prospect directly compensated Mr. Schatz and reimbursed him for expenses, and Mr. Schatz was described to shareholders in public filings submitted to the SEC as an "independent" director under NASQAQ rules. (Doc. # 2 at ¶¶ 22-23.) Additionally, Very Hungry does not and did not have a contractual right to appoint a director to the Prospect Board, and in Very Hungry's initial Schedule 130 filed with the SEC, and on every Amendment to that Schedule 130 filed by Very Hungry thereafter, Very Hungry expressly stated that it had no intention to seek board representation or plans to effect a change in Prospect's management or board. (*Id.* at ¶¶ 25-26.)

Additionally, Judge Shaffer distinguished *Feder v. Martin Marietta Corp.*, 406 F.2d 260, 264 (2d Cir. 1969), in which the Second Circuit found deputization where defendant Martin Marietta placed its chief executive on the board of directors of Sperry Rand, in part, to "acquire inside information concerning Sperry and [to] utilize such data for Martin Marietta's benefit." He noted that he did not have the benefit of a full factual record, as compared to the Second Circuit in *Feder*.

In sum, because he did not have adequate factual support before him supporting a finding of "deputization," Judge Shaffer ultimately found that he could not dismiss the Plaintiffs' claims against Very Hungry on that basis.

Although he noted that Defendants' arguments as to Plaintiff's failure to show matching sales and purchases represented a "much closer question," Judge Shaffer ultimately decided that a fuller record would also be necessary to resolve the issue. (Doc. # 73 at 11.)  The Complaint alleged that the various derivative securities transactions engaged in by Defendants were "equivalent, under the rules and regulations of the SEC, to the buying and selling of Prospect common stock at a significant profit."  (Doc. # 2 at ¶ 3.)  In concluding that the Court would require additional actual development to determine whether the transactions were the equivalent of the buying and selling of stock, Judge Shaffer cited to *Aron Rosenberg v. Harris Corp.*, CIV-01-518-SLR, 2002 WL 1459502, at *2 (D. Del. June 10, 2002) (emphasis added), in which a Delaware district court noted that, with a single exception, "no court has exempted a reclassification, under the ambit of Rule 16b–7 or otherwise, as a matter of law. **Rather, courts have considered the facts and circumstances surrounding each transaction** before concluding that a particular transaction did not pose the risk of speculative, insider 'short-swing' trading profits that Section 16(b) sought to prevent."

Judge Shaffer specifically noted that the Defendants' arguments may ultimately prevail at the summary judgment phase, but that given the standard of review of a motion to dismiss, he was unable to determine as a matter of law that Defendants were

exempted from Section 16(b).  *See* (Doc. # 73 at 12-13) ("In particular, I am not precluding the very possibility that [D]efendants' challenge to Mr. Rubenstein's matching transaction theory will carry the day; however, I think the parties' competing theories and the case law are better resolved in this case by proceeding to resolution on a fuller record.")

### III.  THE COURT'S REVIEW

Although not required, the Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the relevant case law, and the Recommendation.  Based on this *de novo* review, the Court concludes that Judge Shaffer's Recommendation is correct in finding that Plaintiff has pled adequate factual allegations to withstand a Motion to Dismiss.

### IV.  CONCLUSION

Accordingly, it is hereby ORDERED that the Recommendation of United States Magistrate Judge Shaffer (Doc. # 65) is AFFIRMED and ADOPTED as an Order of this Court.  It is

FURTHER ORDERED that that Very Hungry LLC's Motion to Dismiss (Doc. # 10), and Scott J. Reiman and Scott Reiman 1991 Trust's Motion to Dismiss (Doc. # 11), are GRANTED as to the third claim for relief, and DENIED as to claims one and two.

DATED:   March 30, 2015

                                    BY THE COURT:

                                    _____
                                    CHRISTINE M. ARGUELLO
                                    United States District Judge